-542

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIC TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. PORTER, et al.,<br><br>　　　　Defendants. | 1:16-cv-00542-GSA (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 14, 17.) |

On April 7, 2017, and May 22, 2017, plaintiff filed motions seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. While the court has found that "[l]iberally construed, Plaintiff states a cognizable claim against defendant Ramirez for violation of due process," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 11 at 8-9.) Plaintiff's due process claim does not appear complex, and based on a review of the record in this case, it appears that Plaintiff can adequately articulate his claims. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings. For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 31, 2017**           **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE