UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIC TURNER,<br><br>    Plaintiff,<br><br>vs.<br><br>M. PORTER, et al.,<br><br>    Defendants. | 1:16-cv-00542-GSA-PC<br><br>**ORDER STRIKING IMPERMISSIBLE SURREPLY**<br>**(ECF No. 29.)** |

## I. BACKGROUND

Dedric Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On April 18, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with the original Complaint against defendant Ramirez ("Defendant") for violation of due process under the Fourteenth Amendment. (Id.)

All parties to this action have voluntarily consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 8, 22.) Therefore, the undersigned shall conduct any and all further proceedings in this case, including the trial and entry of a final judgment.

On July 5, 2017, Defendant filed a motion to dismiss. (ECF No. 20.) On September 29, 2017, Plaintiff filed an opposition to the motion. (ECF No. 26.) On October 6, 2017, Defendant filed a reply to Plaintiff's opposition. (ECF No. 28.)

On October 27, 2017, Plaintiff filed a second opposition to the motion to dismiss. (ECF No. 29.) The court construes Plaintiff's second opposition as an impermissible surreply.

**II.  SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's second opposition to the motion to dismiss is a surreply because it was filed on October 27, 2017, after Defendant's motion to dismiss was fully briefed.  The motion to dismiss was fully briefed and submitted on the record under Local Rule 230(*l*) on October 6, 2017, when Defendant filed a reply to Plaintiff's first opposition. (ECF No. 28.)  In this case, the court neither requested a surreply, nor granted a request on the behalf of Plaintiff to file a surreply.  Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture.  Therefore, Plaintiff's surreply shall be stricken from the record.

**III.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on October 27, 2017, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:  **October 31, 2017**                    **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE