UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIC TURNER,<br><br>    Plaintiff,<br><br>vs.<br><br>M. PORTER, et al.,<br><br>    Defendants. | 1:16-cv-00542-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND<br>(ECF No. 20.)<br><br>THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT |

**I.    BACKGROUND**

Dedric Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on April 18, 2016. (ECF No. 1.) The case now proceeds with the original Complaint against sole defendant Lieutenant Ramirez ("Defendant") for violation of due process.[1] (ECF No. 1.)

Plaintiff and Defendant have both consented to magistrate judge jurisdiction. (ECF Nos. 8, 22.) Therefore, on January 11, 2018, this case was assigned to Magistrate Judge Gary S.

---

[1] On January 11, 2018, District Judge Anthony W. Ishii issued an order dismissing all other claims and defendants from this case. (ECF No. 33.) The order dismissed (1) defendants Correctional Officer M. Porter, Sergeant H. Adams, Chief Deputy Warden Anti, and J. Benevidez from this action for Plaintiff's failure to state any claims under § 1983 against them upon which relief may be granted; and (2) Plaintiff's claims based on supervisory liability and a false RVR report from this action based on Plaintiff's failure to state a claim. (Id.) Therefore, the only claim remaining in this case is Plaintiff's due process claim against defendant Lt. Ramirez.

1

Austin for all purposes within the meaning of 28 U.S.C. § 636(c), to conduct any and all further proceedings in this case, including trial and entry of final judgment. (ECF No. 33.)

On July 5, 2017, Defendant Ramirez filed a Rule 12(b)(6) motion to dismiss the Complaint. (ECF No. 20.) On September 29, 2017, Plaintiff filed an opposition to the motion. (ECF No. 26.) On October 6, 2017, Defendant filed a reply to the opposition. (ECF No. 28.)

Defendant's motion to dismiss is now before the court. Local Rule 230(*l*).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at the California Medical Facility in Vacaville, California. The events at issue in the Complaint allegedly occurred at the California City Correctional Facility in California City, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation.

Plaintiff's allegations follow. On May 21, 2015, Officer Porter [not a defendant] filed a false Rules Violation Report ("RVR") against Plaintiff, stating that Plaintiff had refused to participate in the collection of a urine specimen. Plaintiff claims that he did not refuse and that he was told that the officer would come back to collect the specimen as Plaintiff could not provide one at that time. Plaintiff claims that staff never returned to collect the specimen.

A disciplinary hearing was scheduled for Plaintiff. On May 26, 2015, before the hearing, Plaintiff made a request in writing to be provided with an investigating employee, witnesses, and video evidence showing what had occurred to use in his defense at the hearing. At the hearing on May 28, 2015, Sergeant H. Adams [not a defendant] would not allow Plaintiff to use any of his witnesses or evidence. The hearing was postponed until June 16, 2015. At the June hearing, Defendant Lieutenant A. Ramirez denied Plaintiff his witnesses and evidence and found Plaintiff guilty of the charge. Plaintiff was penalized by forfeiture of 30 days of credit, loss of 90 days of visitation, another 90 days of non-contact visitation, and referral to a substance abuse education program. Plaintiff filed a prison grievance and appealed it through the third level of review. In the appeal, Plaintiff claimed that his evidence was not investigated, the testimony at the hearing was perjured, and policies and procedures were not followed. Plaintiff's requests for a new hearing and to overturn his conviction were denied.

Plaintiff requests monetary damages and injunctive relief.

**III.    RULE 12(b)(6) MOTION TO DISMISS -- LEGAL STANDARD**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 679 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. at 680 (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## IV. DEFENDANT RAMIREZ'S MOTION TO DISMISS

### A. Due Process Claim

#### 1. Legal Standard

The Due Process Clause protects prisoners from being deprived of liberty or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Where, as here, a prisoner has been deprived of a significant number of good time credits, his right to due process is implicated. See generally Sandin v. Conner, 515 U.S. 472, 477–78, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Due process requires the prisoner be afforded the procedural protections mandated by Wolff.

Wolff established five procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to

inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "[a]t least a brief period of time after the notice, no less than 24 hours, the inmate should be allowed to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." Id. at 564–65 (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved" or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or ... to have adequate substitute aid ... from the staff or from a sufficiently competent inmate designated by the staff." Id. at 570. Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

### 2. **Parties' Positions**

Defendant argues that Plaintiff fails to state a cognizable due process claim because even if he has a protectable liberty interest in earning good time credits, he received all the process he was due at his disciplinary hearing. Defendant asserts that the Complaint indicates that Plaintiff received both written notice and an opportunity to respond. (ECF No. 1 at 3, 6, 11-14.) Defendant also asserts that Plaintiff acknowledged receiving copies of the RVR and a summary of Disciplinary Procedures and Inmates Rights, which were all served on May 25, 2015, more than twenty-four hours prior to the hearing, (Id. at 18), and that the record indicates that Defendant Ramirez was unaware of Plaintiff's request for witnesses, evidence, or an investigative employee on the RVR-115-A, or at the hearing on June 16, 2015. (Id. at 12). Defendant provides evidence that that Plaintiff "elected not to call witnesses" and Defendant

Ramirez requested none. (Id. at 19.) Defendant represents that he explained to Plaintiff why he did not meet the criteria for an investigative employee to be assigned, and Plaintiff stated that he understood his rights. (Id.) Defendant argues that Plaintiff's disciplinary hearing was constitutionally sufficient because he had an opportunity to question the evidence against him, which included Plaintiff's statement, "He asked me are you refusing and I told him yeah I refuse." (Id.).

### 3. Discussion

The court looks to the Complaint and accepts all allegations of material fact in the Complaint as true. Plaintiff alleges that On May 26, 2015, before his disciplinary hearing, he made a request in writing to be provided with an investigating employee, witnesses, and video evidence showing what had occurred to use in his defense at the hearing. At the hearing on May 28, 2015, Sergeant H. Adams would not allow Plaintiff to use any of his witnesses or evidence. The hearing was postponed until June 16, 2015. At the June hearing, Lieutenant A. Ramirez denied Plaintiff his witnesses and evidence, and found Plaintiff guilty of the charge.

These allegations are sufficient to state a cognizable due process claim. (ECF No. 1 at 3-4 ¶IV.) Plaintiff alleges that he was denied an investigative assistant, that he was denied an opportunity to present witnesses and documentary evidence, and that the evidence was insufficient to support the disciplinary decision. Defendant's arguments fail because they rely on information found in Plaintiff's prison appeals records. Those records, which are attached as exhibits to the Complaint, are not Plaintiff's allegations and are not taken as true by the court at this stage of the proceedings. Therefore, the court finds that Plaintiff states a cognizable due process claim in the Complaint.

### B. Habeas Claim vs. § 1983 Claim

### 1. Legal Standard

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated" or favorably terminated. The Heck bar preserves the rule

that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004).

However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016 (*en banc*) (citing Muhammad, 540 U.S. at 754-55). "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Id.; see, e.g., Pratt v. Hedrick, 2015 WL 3880383, *3 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

### 2. **Parties' Positions**

Defendant Ramirez argues that Plaintiff's due process claim is barred from proceeding under § 1983 by the favorable termination rule in Heck, to the extent the claim calls into question the credits Plaintiff lost as a result of the June 16, 2015, Rules Violation Report hearing, because it directly challenges the basis for Plaintiff's guilty finding and success on the claim would demonstrate that the penalties assessed to him were improper.

In opposition, Plaintiff argues that his § 1983 claim is not barred by Heck because he is not challenging his conviction, requesting injunction for speedier or immediate release, or seeking to change the duration of his sentence. Plaintiff argues that success on his claim will not necessarily lead to a speedier or immediate release, and under Nettles, such claims "must be brought, if at all, under 42 U.S.C. § 1983." (ECF No. 26 at 3 (quoting Nettles 830 F.3d at 925)).

Defendant responds that because Plaintiff's challenge to the procedures used in his RVR hearing may invalidate the loss of his good-time credits, Plaintiff's remedy is a writ of habeas corpus and not this civil action. Defendant points out that Plaintiff stated that he wanted "[a] new hearing with all evidence requested heard, conviction overturned" and that he was

"[d]issatisfied because not only did they not follow their own policy but also refused to view [his] evidence which would have resulted in a not guilty decision." (ECF No. 1 at 8, 9.)

### 3. **Discussion**

On February 24, 2017, the court screened Plaintiff's Complaint and issued an order finding that Plaintiff states a cognizable claim for due process violations under the Fourteenth Amendment. (ECF No. 11.) The court found that Plaintiff's claim, even if successful, would not necessarily lead to speedier or immediate release and is therefore properly brought under § 1983. After consideration of Defendant's motion to dismiss and further analysis, the court now finds that Plaintiff has not established that this case may be properly brought under § 1983.

Plaintiff correctly asserts that he has not sought, in the Complaint, to challenge his conviction, request speedier or immediate release, or seek to change the duration of his sentence. In fact, Plaintiff only requests monetary damages and an injunction to prosecute or demote Defendant Ramirez "for denial of due process and abuse of discretion." (ECF No. 1 at 3.) Nonetheless, Defendant's argument that success on Plaintiff's claim would necessarily affect the duration of his sentence has merit. Plaintiff's claim arises from a disciplinary hearing where he was found guilty and assessed penalties, including the forfeiture of 30 good-time credit. Even though Plaintiff is only challenging the procedures used at the hearing and not the result of the hearing, success on his due process claim would necessarily invalidate the result of the hearing, and Plaintiff's credits would be restored. The restoration of Plaintiff's credits would affect the duration of Plaintiff's sentence and thus, success on Plaintiff's claim would necessarily affect the duration of his sentence, precluding Plaintiff from proceeding under § 1983. Based on this analysis, Defendant's motion to dismiss must be granted.

Plaintiff shall be granted leave to amend the Complaint for the purpose of establishing that this case is properly brought under § 1983. In the amended complaint, Plaintiff must clarify whether he is serving an indeterminate life sentence and whether the findings at the RVR hearing have been invalidated. Evidence of either of these possibilities is relevant to whether Plaintiff may properly proceed with this case under § 1983.

///

## V. CONCLUSION AND ORDER

The court finds that Plaintiff states a cognizable claim for violation of due process in the Complaint, but that Plaintiff has not established that this case may properly proceed under § 1983. Therefore, Defendant's motion to dismiss shall be granted, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights.[2] Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added). Plaintiff must also allege facts showing that his due process claim falls outside the core of habeas and may be brought in a § 1983 complaint.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

---

[2] Plaintiff is reminded that on January 11, 2018, defendants Porter, Adams, Anti, and Benevidez were dismissed from this action, and Plaintiff's claims based on supervisory liability and a false RVR report were also dismissed. (ECF No. 33.)

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Defendant's Rule 12(b)(6) motion to dismiss, filed on July 5, 2017, is GRANTED, with leave to amend;
2. Plaintiff's Complaint is dismissed for Plaintiff's failure to establish that his due process claim falls outside the core of habeas and may be brought in a § 1983 complaint;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff is granted leave to file a First Amended Complaint within **thirty (30) days** from the date of service of this order;
5. In the amended complaint, Plaintiff must clarify whether he is serving an indeterminate life sentence and whether the findings at the RVR hearing have been invalidated;
6. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-00542-GSA-PC; and
7. If Plaintiff fails to file a First Amended Complaint in compliance with this order within thirty days, this case shall be subject to dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **January 23, 2018**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE