UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIC TURNER,<br><br>    Plaintiff,<br><br>vs.<br><br>M. PORTER, et al.,<br><br>    Defendants. | 1:16-cv-00542-GSA-PC<br><br>ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)<br>(ECF No. 35.)<br><br>ORDER DIRECTING CLERK TO CLOSE FILE |

**I.  BACKGROUND**

Dedric Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on April 18, 2016. (ECF No. 1.) The case now proceeds with the original Complaint against sole defendant Lieutenant Ramirez ("Defendant") for violation of due process.[1] (Id.)

Plaintiff and Defendant have both consented to magistrate judge jurisdiction. (ECF Nos. 8, 22.) Therefore, on January 11, 2018, this case was assigned to Magistrate Judge Gary S.

---

[1] On January 11, 2018, District Judge Anthony W. Ishii issued an order dismissing all other claims and defendants from this case. (ECF No. 33.) Therefore, the only claim remaining in this case is Plaintiff's due process claim against defendant Lieutenant Ramirez.

1

Austin for all purposes within the meaning of 28 U.S.C. § 636(c), to conduct any and all further proceedings in this case, including trial and entry of final judgment. (ECF No. 33.)

On February 26, 2018, Plaintiff filed a request to voluntarily dismiss this case without prejudice. (ECF No. 35.) The court construes Plaintiff's request as a notice of dismissal under Rule 41(a)(1). In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this action.[2] Therefore, Plaintiff's notice of dismissal is effective, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;

2. This action is DISMISSED in its entirety without prejudice; and

---

[2] That the court issued an order granting defendant's motion to dismiss, with leave to amend, ECF No. 34, does not change the analysis. World Skateboarding Federation, Inc. v. International Skateboarding Federation, 2:16-cv-02065-KJM-GGH, 2018 WL 497116 at *2 (E.D. Cal. January 22, 2018) (citing See Miller v. Reddin, 422 F.2d 1264, 1265–66 (9th Cir. 1970) (holding that an action "was subject to [Rule 41(a)(1)] voluntary dismissal until such time as there was an entry of judgment" even where "[t]he district court heard arguments on the motion to dismiss" and "ordered the action dismissed")); Oliver v. Haviland, No. CIV S-08-2282 FCD EFB P, 2010 WL 1010044, at *1 (E.D. Cal. Mar. 16, 2010). Although a court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment, the court did not do so here. See ECF No. 34 at 10 ¶2 (granting Rule 12(b)(2) motion to dismiss for failure to establish that his due process claim falls outside the core of habeas and may be brought in a § 1983 complaint); Swedberg v. Marotzke, 339 F.3d 1139, 1142–45 (9th Cir. 2003) (requiring district court to "take some affirmative action" to convert Rule 12(b)(6) motion to motion for summary judgment before that motion could preclude Rule 41(a)(1) notice of voluntary dismissal from taking effect).

3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **March 1, 2018**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE